UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff

    v.

EMBRACO NORTH AMERICA, INC.,

        Defendant

Criminal No.

Filed:

Violation: 15 U.S.C. §'1

## PLEA AGREEMENT

The United States of America and Embraco North America, Inc. ("defendant"), a corporation organized and existing under the laws of Delaware, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.    The defendant understands its rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by Indictment;

    (c)    to plead not guilty to any criminal charge brought against it;

    (d)    to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(e)     to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)     to appeal its conviction if it is found guilty; and

(g)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Eastern District of Michigan. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by fixing prices to customers of household and light commercial compressors sold in the United States and elsewhere, from October 14, 2004, through December

2

31, 2007, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.  For purposes of this Plea
Agreement with defendant, "household compressors" means solely refrigerant compressors for
household use in refrigerators and freezers.

      3.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to
the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to
the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

### FACTUAL BASIS FOR OFFENSE CHARGED

      4.      Had this case gone to trial, the United States would have presented evidence
sufficient to prove the following facts:

      (a)      For purposes of this Plea Agreement, the "relevant period" is that period
from October 14, 2004 through December 31, 2007.  During the relevant period, the
defendant was a corporation organized and existing under the laws of Delaware and was
part of a business unit of an organization with 5000 or more employees.  The defendant
has its principal place of business in Suwanee, Georgia.  During the relevant period, the
defendant was a producer of household and light commercial compressors and was
engaged in the sale of household and light commercial compressors in the United States
and elsewhere.  Compressors are the parts found in devices such as refrigerators and
freezers that take in low-pressure refrigerant, compress it, and then pump out a high-
pressure vapor which condenses and subsequently cools the devices.  During the relevant
period, the defendant's sales of household and light commercial compressors affecting
U.S. customers totaled at least $ 586.6 million.

      (b)      During the relevant period, the defendant, through its officers and

3

employees, including high-level personnel of both the defendant and the business unit of which defendant was a part, participated in a conspiracy among major household and light commercial compressor producers, the primary purpose of which was to raise the price of household and light commercial compressors sold in the United States and elsewhere. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of other major household and light commercial compressor producers. During these discussions and meetings, agreements were reached to raise the price of household and light commercial compressors to be sold in the United States and elsewhere.

(c)     During the relevant period, household and light commercial compressors sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of household and light commercial compressors, as well as payments for household and light commercial compressors, traveled in interstate and foreign commerce. The business activities of the defendant and its co-conspirators in connection with the production and sale of household and light commercial compressors that were the subjects of this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(d)     Acts in furtherance of this conspiracy were carried out within the Eastern District of Michigan, Southern Division. The household and light commercial compressors that were the subject of this conspiracy were sold by one or more of the conspirators to customers in this District.

4 

## POSSIBLE MAXIMUM SENTENCE

5.    The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)    $100 million (15 U.S.C. § 1);

(b)    twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.    In addition, the defendant understands that:

(a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)    pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the

5



Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.       Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant, agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $91.8 million, payable in installments as set forth below with interest accruing under 18 U.S.C. § 3612(f)(1)-(2) ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)       The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b), that the fine be paid

6

in the following installments: within thirty (30) days of imposition of sentence -- $16.8 million (plus any accrued interest); at the one-year anniversary of imposition of sentence ("anniversary") -- $15 million (plus any accrued interest); at the two-year anniversary -- $15 million (plus any accrued interest); at the three-year anniversary -- $15 million (plus any accrued interest); at the four-year anniversary -- $15 million (plus any accrued interest); and at the five-year anniversary -- $15 million (plus any accrued interest); provided, however, that the defendant shall have the option at any time before the five-year anniversary of prepaying the remaining balance (plus any accrued interest) then owing on the fine.

(b)     To ensure payment of the amount set forth in Paragraph 8, together with interest and in accordance with the payment schedule as set forth in Paragraph 8(a), defendant's parent company knowingly and voluntarily executed, through its duly authorized representative, a Guaranty, a copy of which is attached hereto as Exhibit A.

(c)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(d)     Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

9.     The United States and the defendant agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the defendant, as described in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will move,

7

pursuant to U.S.S.G. § 8C4.1, for a downward departure from the Guidelines fine range and will

request that the Court impose the recommended sentence set out in Paragraph 8 of this Plea

Agreement because of the defendant's substantial assistance in the government's investigation and

prosecutions of violations of federal criminal law in the household and light commercial

compressor industry.

10.    Subject to the ongoing, full, and truthful cooperation of the defendant described in

Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will

fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's

cooperation and its commitment to prospective cooperation with the United States' investigation

and prosecutions, all material facts relating to the defendant's involvement in the charged offense,

and all other relevant conduct.

11.    The United States and the defendant understand that the Court retains complete

discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea

Agreement.

(a)    If the Court does not accept the recommended sentence, the United States

and the defendant agree that this Plea Agreement, except for Paragraph 11(b) below, shall

be rendered void.

(b)    If the Court does not accept the recommended sentence, the defendant will

be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant

withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made

in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this

Plea Agreement or made in the course of plea discussions with an attorney for the



government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement shall be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12.   In light of the availability of civil causes of actions, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

### DEFENDANT'S COOPERATION

13.   The defendant, Whirlpool S.A., the Whirlpool Corporation, and the subsidiaries of each that are engaged in the production or sale of household and light commercial compressors (collectively, "related entities"), will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the production or sale of household and light commercial compressors, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such antitrust investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a)   producing to the United States all non-privileged documents, information, and other materials wherever located, in the possession, custody, or control of the

9



defendant or any of its related entities, requested by the United States in connection with any Federal Proceeding; and

      (b)    using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant or any of its related entities as may be requested by the United States, but excluding Gilberto Heinzelmann, Ernesto Heinzelmann, and Paulo Frederico Meira de Oliviera Periquito, including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

14.    The ongoing, full, and truthful cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

      (a)    producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States;

      (b)    making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

      (c)    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false

10

statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c),  the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

### GOVERNMENT'S AGREEMENT

15.   Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities, including Whirlpool Corporation, Whirlpool S.A., and the subsidiaries of Whirlpool Corporation and Whirlpool S.A.

11 

that are engaged in the production or sale of household and light commercial compressors, for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the production or sale of household and light commercial compressors. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

16.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the defendant or its related entities for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant or its related entities that was undertaken in furtherance of an antitrust conspiracy involving the production or sale of household and light commercial compressors ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to Gilberto Heinzelmann, Ernesto Heinzelmann, and Paulo Frederico Meira de Oliviera Periquito;

(b)     Should the United States determine that any current or former director, officer, or employee of the defendant or its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not

12

known by the United States to be represented, to the undersigned counsel for the defendant;

    (c)    If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

    (d)    Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

    (e)    If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

    (f)    The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

    (g)    Documents provided under Paragraphs 13(a) and 14(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its related

13 

entities.

17.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States.  This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

18.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.  However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant and its related entities as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

19.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation.  The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any

14 

possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its related entities have failed to provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its related entities shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant and its related entities agree that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its related entities for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months

15

after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22.     The defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or its related entities' violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or its related entities, or current or former directors, officers, or employees of it or its related entities to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities in any such further prosecution.  In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23.     This Plea Agreement, including Exhibit A, constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case.  This Plea Agreement, including Exhibit A, cannot be modified except in writing, signed by the United States and the defendant.

24.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

25.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

16

26.     A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED:   9/70/10

Respectfully submitted,

BY:  _____            BY:  _____
João Carlos Costa Brega                        Michael F. Wood
President                                      DC-376312
Embraco North America, Inc.
                                               Ian D. Hoffman
                                               IA-14831

BY:  _____            Eric M. Meiring
Mark Leddy, Esq.                               OH-0083589
Cleary Gottlieb Steen & Hamilton LLP           Attorneys
Counsel for Embraco North America, Inc.        U.S. Department of Justice
                                               Antitrust Division
                                               801 W. Superior
                                               Carl B. Stokes Federal Courthouse
                                               Cleveland, OH  44113
                                               Telephone: 216-687-8410

17

# EXHIBIT A

## GUARANTY

(1)     Whirlpool Corporation, a Delaware corporation with its principal offices at Benton Harbor, Michigan (the "Guarantor"), hereby guarantees to the United States Treasury ("United States"), the full and prompt payment of the amounts owed by Embraco North America, Inc., a Delaware corporation with its principal offices at Suwanee, Georgia ("Embraco"), when due under the Plea Agreement attached as Exhibit A hereto (the "Obligation").

(2)     The United States shall give the Guarantor prompt written notice of Embraco's failure to pay the Obligation, and, within 10 days of the receipt of such notice, the Guarantor will pay to United States the amount due and unpaid by Embraco.

(3)     This Guaranty shall automatically terminate on the date of Embraco's payment in full of the Obligation. Upon termination of this Guaranty as provided for in this paragraph, the Guarantor's liability hereunder shall wholly cease as to any obligation arising or created after such termination.

(4)     This Guaranty shall be governed and construed under the laws of the State of Michigan.

     IN WITNESS WHEREOF, Guarantor has caused this instrument to be duly executed on the day 28 of September, 2010.

WHIRLPOOL CORPORATION

By _Margaret McLeod_
   Margaret McLeod
   Vice President and Treasurer

   _September 28, 2010_
   Date

Please return to:     Treasury Operations
                      Whirlpool Corporation
                      2000 North M-63, Maildrop 2902
                      Benton Harbor, Michigan 49022